# EXHIBIT 1

07/26/2007 08:27 FAX                                                                     ✑ 008

17709

# Native American Rights Fund

1506 Broadway, Boulder, Colorado 80302-6296 · (303) 447-8760 · FAX (303) 443-7776

**EXECUTIVE DIRECTOR**
John E. Echohawk

**LITIGATION MANAGEMENT
COMMITTEE**
K. Jerome Gottschalk
Yvonne T. Knight
Natalie A. Landreth

**ATTORNEYS**
Walter R. Echo-Hawk
David Gover
Melody L. McCoy
Steven C. Moore
Mark C. Tilden
Donald R. Wharton

**LAW OFFICE ADMINISTRATOR/ CHIEF
FINANCIAL OFFICER**
Clela A. Rorex

**DIRECTOR OF DEVELOPMENT**
Donald M. Ragona

**GRANT WRITER/EDITOR**
Ray Ramirez

**WASHINGTON OFFICE**
1712 N Street, N.W.
Washington, D.C. 20036-2976
Ph. (202) 785-4166
FAX (202) 822-0068

**ATTORNEYS**
Richard A. Guest
Dawn Sturdevant Baum

**ANCHORAGE OFFICE**
420 L Street, Suite 505
Anchorage, AK 99501
Ph. (907) 276-0680
FAX (907) 276-2466

**ATTORNEYS**
Heather R. Kendall-Miller
Natalie A. Landreth

Website: www.narf.org



RECEIVED
JUL 2 6 2007
ASIA-OST2

July 20, 2007

# FREEDOM OF INFORMATION ACT REQUEST

Sue Ellen Sloca
FOIA Contact
Office of the Secretary
MS-120, SIB
1951 Constitution Ave, NW
Washington, DC 20240

Laura Cloud
FOIA Contact
Bureau of Indian Affairs
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

Colette Clark
FOIA Contact
Office of the Solicitor
MS-6556, MIB
1849 C Street, NW
Washington, DC 20240

Departmental FOIA Officer
MS-5312-MIB
1849 C St., NW
Washington, DC 20240

Office of the Secretary
FOIA Officer
MS-1413, MIB
1849 C St., NW
Washington, DC 20240

Office of the Solicitor
FOIA Officer
MS-7456, MIB
1849 C St., NW
Washington, DC 20240

Bureau of Indian Affairs
FOIA Officer
MS-4140, MIB, Code 100F
1849 C St., NW
Washington, DC 20240

### RE: FOIA REQUEST

Dear People:

**Declaration of
Darrell Strayhorn
Exhibit   1   Page   1 of 5**

FOIA Request
July 20, 2007
Page 2 of 5

        This is a request under the Freedom of Information Act. Leo M. Krulitz,
Solicitor, the United States Department of the Interior, Office of the Solicitor, sent a letter
dated September 4, 1979, attached hereto and incorporated herein by reference, to the
Native American Rights Fund and Marguerite Smith, Esq. In that letter, Mr. Krulitz
states "This is the Department's response to the litigation request of your clients, the
Shinnecock Indians, to seek assistance in the recovery of approximately 3,150 acres of
land in the Town of Southampton, New York. That request was the subject of many
months of research and scrutiny by attorneys in the Office of the Solicitor. They
presented me with their report in March of this year, and I have now had the opportunity
to review that report."

        We request, on behalf of the Shinnecock Indian Nation, the following information
related to that report:

1.      The report by attorneys in the Office of the Solicitor of the Department of the
Interior (the "DOI") presented to Mr. Krulitz in or about March of 1979 (the "Report"),
to which he refers in his September 4, 1979 letter as a predicate for his decisions set forth
in that letter.

2.      All documents memorializing or containing any of the results of any of the
"months of research and scrutiny by attorneys in the DOI's Office of the Solicitor"
referred to in Mr. Krulitz's September 4, 1979 letter.

3.      All documents reviewed or consulted by attorneys in the Office of the Solicitor in
the course of the "months or research and scrutiny" referred to in Mr. Krulitz's
September 4, 1979 letter.

4.      All status reports concerning the Report or any draft of the Report or referring to
the Report or to any draft of the Report.

5.      All drafts of the Report and all comments on the Report or any draft of it by any
employee of the DOI's Office of the Solicitor or by any other employee of the DOI.

6.      All inter-office memoranda concerning the Report or any draft of the Report or
referring to the Report or to any draft of the Report.

7.      All instructions from DOI supervisors, including the Office of the Solicitor, to
staff concerning the Report or any draft of the Report or referring to the Report or to any
draft of the Report.

8.      All instructions or comments from DOI officials to the Office of the Solicitor
concerning the Report or any draft of the Report or referring to the Report or to any draft
of the Report.

**Declaration of
Darrell Strayhorn
Exhibit  1   Page 2 of 5**

07/26/2007  08:28 FAX                                                    ☒010

FOIA Request
July 20, 2007
Page 3 of 5

9.      All minutes of DOI staff meetings concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report.

10.     All lists of federal, state, tribal, and local contacts, including, but not limited to, newspaper organizations/companies, to or from DOI, including the Office of the Solicitor, concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report.

11.     All correspondence files with other federal agencies, the Office of the Secretary, the Office of the Assistant Secretary-Indian Affairs, the White House, the Congress, or the Department of Justice, concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report

12.     All correspondence files with New York State officials or with any member of Congress concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report or to Mr. Krulitz's September 4, 1979 letter or any of its contents.

13.     All correspondence files with tribal parties, whether or from other tribes, including tribal members, tribal officials and their legal representatives, and including without limitation Lawrence A. Aschenbrenner and Arlinda F. Locklear, attorneys with the Native American Rights Fund, and Marguerite A. Smith, attorney for the Shinnecock Tribe of Indians, concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report.

14.     All correspondence files with local parties in the Town of Southampton or Village of Southampton concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report.

15.     All correspondence files with interested parties such as, but not limited to, newspaper organizations/companies, and individuals holding any political office concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report.

16.     All comments or instructions from the officials of the Office of the Solicitor, Bureau of Indian Affairs, including, but not limited to, the Honorable Leo M. Krulitz, Mr. Scott Keep, Mr. Tim Vollman, Mr. Tom Fredericks, and Ms. Jeanne Franklin concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report.

17.     All comments or instructions from the officials of the Office of the Secretary, Department of the Interior, including, but not limited to, the Honorable Cecil D. Andrus, Secretary, and the Honorable James Joseph, Under Secretary concerning the Report or any draft of the Report or referring to the Report or to any draft of the Report.

**Declaration of
Darrell Strayhorn
Exhibit   1   Page 3 of 5**

07/26/2007  06:26 FAX                                                    ☑011

FOIA Request
July 20, 2007
Page 4 of 5

18.    All briefing books or documents for Congressional hearings that concern or relate to the Report.

19.    All minutes, notes, correspondence or personal log notes of the Office of the Solicitor officials from meetings that refer to the Report or to any draft of the Report.

20.    All material on file in the Office of Federal Acknowledgment that refer to the Report or any draft of the Report.

21.    All correspondence, notes, minutes, records, personal logs or documents outside the purview of the processing of the Report, but which refer to the Report or any draft of the Report.

    To assist your determination on the assessment of fees, the Shinnecock Indian Nation is an Indian tribe and seeks this information for work on its petition for acknowledgment to the Department of the Interior. The Native American Rights Fund is a non-profit 501c(3) organization that provides legal representation and technical assistance to Indian tribes, including the Shinnecock Indian Nation, organizations, and individuals nationwide. We are the oldest and largest such legal organization.

    We request a waiver of all fees for this request. Disclosure of the requested information is in the public interest because it is likely to contribute to public understanding of the operations of the government and is not primarily for commercial activity.

    If fees are assessed, we are willing to pay fees for this request up to a maximum of $250.00. If you expect that fees will exceed that amount, please inform me first.

**Declaration of
Darrell Strayhorn
Exhibit   1   Page  4 of 5**

07/26/2007 08:28 FAX                                                              ☒012

FOIA Request
July 20, 2007
Page 5 of 5

    Thank you for your attention to this request.  As required by the FOIA we expect
a response within 20 days.

                                              With kindest regards,

                                              Mark C. Tilden
                                              Senior Staff Attorney

Please reply to:
Mark C. Tilden
Senior Staff Attorney
Native American Rights Fund
Boulder, CO 80302
Ph. 303.447.8760
Fax 303.443.7776
Email. MCTilden@narf.org

cc:  Board of Trustees, Shinnecock Indian Nation

**Declaration of**
**Darrell Strayhorn**
**Exhibit  1   Page  5 of  5**

# EXHIBIT 2



# United States Department of the Interior

OFFICE OF THE SECRETARY
WASHINGTON, D.C. 20240



TAKE PRIDE
IN AMERICA

## AUG 17 2007

Mr. Mark C. Tilden
Native American Rights Fund
1506 Broadway
Boulder, Colorado 80302

Dear Mr. Tilden:

This letter responds to your Freedom of Information Act (FOIA) request dated July 20, 2007, and received by the Office of Federal Acknowledgment (OFA) on July 26, 2007. In your request, you sought administrative documents in 21 separate categories broadly pertaining to a March 1979 report created by the Office of the Solicitor (SOL) relating to the Shinnecock Indian Nation (Petitioner #4). This report was referenced in a September 4, 1979, letter from Mr. Leo Krulitz, Solicitor, Department of the Interior, to Native American Rights Fund attorneys.

We have conducted a thorough search of our files and were able to locate three documents responsive to your request. The documents specifically pertain to items 5, 6, and 13 of your request, "all drafts of the Report," "all inter-office memoranda concerning the Report," and "all correspondence files with tribal parties...concerning the Report."

The first document is an undated, double-spaced draft memorandum from the Associate Solicitor, Indian Affairs, to the Solicitor; concerns the Shinnecock land claim; and is 25 pages long. It includes handwritten notes. The second document is a single-spaced, 18-page memorandum, similar to the prior draft. It is undated and unsigned.

The Department is withholding these memoranda under Exemption 5 of the FOIA (5 U.S.C. § 552(b)(5)), specifically the attorney work-product and deliberative process privileges. Exemption 5 permits an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." These documents are attorney work product and of a deliberative nature. Disclosure of the documents in question would harm the basic institutional interests that underlie the deliberative process. Release would inhibit candid discussion necessary to informed and well reasoned decision making by Department officials. The documents are pre-decisional and attorney work product, and concern a claim that remains outstanding. Therefore, we believe that sound grounds exist for withholding this document under Exemption 5.

In addition, the Office of the Solicitor located one responsive letter. This letter pertains to item 13 of your request. A copy of this two-page letter is enclosed. We also note that some of the documents released to you previously in our FOIA response of May 7, 2007, also relate to your current request.

**Declaration of
Darrell Strayhorn
Exhibit  2   Page 1 of 2**

The other Department offices did not have files relevant to the report in question. This letter, therefore, constitutes the Department's complete response to your FOIA request.

In addition to myself, the officials responsible for this partial denial are: Ms. Judy Herbert, FOIA Specialist, OFA; and Ms. Laura Cloud, FOIA Officer. This decision was also made in consultation with Mr. Jason C. Roberts, Office of the Solicitor, Department of the Interior. In accordance with 43 CFR 2.28(a)(1), you have a right to treat this response as a denial of your request. You may appeal this matter by writing to:

> Department of the Interior
> Office of the Solicitor
> 1849 C Street, N.W., MS: 6556
> Washington, DC 20240
> Attn: FOIA Appeals Office

In your request, a fee waiver was sought under 43 CFR 2.19(b)(1), which provides for a waiver of fees if the disclosure of the requested records is likely to contribute significantly to public understanding of the operations or activities of the government. Factors considered in determining whether disclosure of information "is likely to contribute significantly to public understanding of the operation or activities of the government" are listed in 43 CFR, Part 2, Appendix D. The statement provided in your request for a fee waiver pursuant to 43 CFR 2.19(b)(1) did not contain sufficient evidence to support a finding that such factors exists. Therefore, your fee waiver has been denied. Under 43 CFR 2.28(a)(2), you may appeal the denial of your fee waiver request by writing to the FOIA Appeals Officer at the address above.

However, there is no fee for this request. Since you are considered an "other requestor," the cost is broken down as follows: 1 hour of search time, with the first 2 hours at no cost to you; 1 hour of review time, at no cost to you; and the duplication of 2 pages at $0.13 per page, with the first 100 pages at no cost to you, is $0.

If you have any questions regarding this response, please contact Ms. Judy Herbert, FOIA Specialist, at (202) 513-7661.

Sincerely,

Director, Office of Federal Acknowledgment

Enclosure

Declaration of
Darrell Strayhorn
Exhibit  2  Page  2 of 2

# EXHIBIT 3

EXECUTIVE DIRECTOR
John E. Echohawk

LITIGATION MANAGEMENT
COMMITTEE
K. Jeanne Gottschalk
Yvonne T. Knight
Natalie A. Landreth

ATTORNEYS
Walter R. Echo-Hawk
David Gover
Melody L. McCoy
Steven C. Moore
Mark C. Tilden
Donald R. Wharton

LAW OFFICE ADMINISTRATOR/
CHIEF FINANCIAL OFFICER
Cleo A. Romo

DIRECTOR OF DEVELOPMENT
Donald M. Ragona

GRANT WRITER/EDITOR
Ray Ramirez

# Native American Rights Fund

1506 Broadway, Boulder, Colorado 80302-6296 •(303) 447-8760 •FAX (303) 443-7776

WASHINGTON OFFICE
1712 N Street, N.W.
Washington, D.C. 20036
Ph. (202) 785-4166
FAX (202) 822-0068

ATTORNEYS
Richard A. Guest
Dawn Sturdevant Baum

ANCHORAGE OFFICE
420 L Street, Suite 505
Anchorage, AK 99501
Ph. (907) 276-0680
FAX (907) 276-2466

ATTORNEYS
Heather Kendall-Miller
Natalie A. Landreth

Website: www.narf.org

September 28, 2007

FREEDOM OF INFORMATION ACT APPEAL

Attn:  FOIA Appeals Officer
Department of the Interior
Office of the Solicitor
1849 C St., NW, MS: 6556
Washington, DC 20240

RE:   NOTICE OF APPEAL of the Shinnecock Indian Nation concerning partial
      denial of Freedom of Information Act Request, Control Nos. FC 07708, SOL-
      2007-0050, and OS-2007-00586.

Dear Officer:

   This is a **NOTICE OF APPEAL** filed on behalf of the Shinnecock Indian Nation, by legal counsel, Mark C. Tilden and Dawn Sturdevant Baum of the Native American Rights Fund. The Shinnecock Indian Nation appeals the partial denial of a Freedom of Information request made pursuant to the Freedom of Information Act, 5 U.S.C. §552.

   The FOIA request was dated July 20, 2007 and directed to several offices within the Department of the Interior.  The request was assigned control number FC 07708 by the Bureau of Indian Affairs and Office of the Assistant Secretary – Indian Affairs; control number SOL-2007-0050 by the Office of the Solicitor; and control number OS-2007-00586 by the Office of the Secretary.

   A separate Statement of Reasons supporting this appeal accompanies this Notice of Appeal.  Attached to the Statement of Reasons and incorporated by reference are a copy of the Request with attachment, a copy of the letters acknowledging receipt and assigning control numbers, and a copy of the Response by the Office of Federal Acknowledgment, Office of the Secretary, U.S. Department of Interior, on behalf of all relevant Department of the Interior offices, dated August 17, 2007, and received by NARF on August 21, 2007.

**Declaration of
Darrell Strayhorn
Exhibit  3   Page  1 of  12**

Notice of Appeal
September 28, 2007
Page 2

Sincerely,

Dawn Sturdevant Baum
Staff Attorney

Mark C. Tilden
Senior Staff Attorney

# FREEDOM OF INFORMATION ACT APPEAL

## STATEMENT OF REASONS

Attn: FOIA Appeals Office
Department of the Interior
Office of the Solicitor
1849 C St., NW, MS: 6556
Washington, DC 20240

RE:   NOTICE OF APPEAL of the Shinnecock Indian Nation concerning
partial denial of Freedom of Information Act Request

Dear Officer:

The Shinnecock Indian Nation submits this appeal on the basis that the partial denial of the Freedom of Information Request on August 17, 2007, by the Office of Acknowledgment, Office of the Secretary, United States Department of the Interior, was in error and should be reversed. Specifically, the Shinnecock Indian Nation maintains that the documents withheld are not protected by any privilege or immunity, and must be disclosed, for the reasons set forth below.

## FACTS

On July 20, 2007, the Shinnecock Indian Nation, by and through its attorney, Mark C. Tilden, Native American Rights Fund, sent a Freedom of Information Request (hereinafter the "Request") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter "FOIA") and the Department of the Interior's FOIA regulations (43 C.F.R. § 2.1-2.90), to various Offices within the Department of Interior (hereinafter the "Department"). *See Exhibit A.* The Request seeks various documents pertaining to a March 1979 report created by the Office of the Solicitor relating to the Shinnecock Indian Nation as referenced in a September 4, 1979 letter from Mr. Leo Krulitz, Solicitor, Department of the Interior to Native American Rights Fund attorneys (the "Krulitz Denial Letter"). *Id.* The Bureau of Indian Affairs and the Assistant Secretary—Indian Affairs acknowledged the request in a letter dated July 26, 2007, assigning control number FC 07708 to the request. *See Exhibit B.* The Office of the Solicitor acknowledged the request in a letter dated July 27, 2007, assigning control number SOL-007-0050 to the request. *See Exhibit C.* Finally, the Office of the Secretary acknowledged the request in a letter dated July 27, 2007, assigning control number OS-2007-00586. *See Exhibit D.* On August 17, 2007, the Office of Acknowledgment of the U.S. Department of the Interior sent a written response (hereinafter the "Department's Response") to the Request on behalf of all relevant offices within Interior. *See Exhibit E.* The Office of Acknowledgment partially denied the Request by withholding two memoranda (hereinafter the "Withheld Memoranda") partially described in the Department's Response. *Id.* The Department's Response describes the Withheld Memoranda as two undated, allegedly similar drafts of a memorandum from the Associate Solicitor, Indian

1

**Declaration of
Darrell Strayhorn
Exhibit 3   Page 3 of 12**

Affairs, to the Solicitor concerning the Shinnecock land claim. *Id.* The Department's Response cites Exemption 5 of the FOIA in conjunction with attorney work-product immunity and deliberative process privilege in withholding the memoranda. *Id.* For the reasons set forth below, we submit that neither privilege applies and that the Department should disclose the Withheld Memoranda.

## ARGUMENT

The Shinnecock Indian Nation challenges the Department's assertion of work-product immunity and deliberative process privilege under Exemption 5 of FOIA. Exemption 5 protects from disclosure under FOIA, "inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 incorporates traditional civil discovery privileges, such as deliberative privilege and work-product immunity. *See Renegotiation Board v. Grumman Aircraft Eng'g. Corp.*, 421 U.S. 168, 184 (1975); *Nat'l Council of La Raza v. Dept. of Justice*, 411 F.3d 350, 356 (2nd Cir. 2005). However, FOIA does not adopt all discovery privileges wholesale, because discovery often involves detailed factual inquiry and balancing of equities which make discovery standards difficult to apply in FOIA requests. The test under Exemption 5 is whether the documents would be "routinely" or "normally" disclosed upon a showing of relevance. *See FTC v. Grolier, Inc.*, 462 U.S. 19, 26 (1983); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148-49 (1975). However, no discovery privilege can exempt from disclosure under FOIA a document which is a final opinion made in the adjudication of cases. 5 U.S.C. § 552 (a)(2)(A); *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1972). In addition, FOIA's exemptions are not mandatory bars to disclosure. *Chrysler Corp. v. Brown*, 441 U.S. 281, 293-4 (1979). The Withheld Memoranda can and should be disclosed under the discretion of the Department in light of the passage of time and changes in the law and Department's policies. Furthermore, discovery privileges such as the work product privilege normally will **not** be enforced against the tribal beneficiary of an Indian trust relationship. *Osage Nation v. United States*, 66 Fed.Cl. 244 (2005).

Any exemption from disclosure must be construed narrowly so as to provide maximum access to information, which is the overall purpose of the FOIA. *Dept. of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8 (2001). To qualify for exemption from release under FOIA Exemption 5, a document must have its source in a government agency, and it must fall within the ambit of a privilege against discovery under judicial standards. *Id.* Based on the Department's Response, the Withheld Memoranda apparently had their source in a government agency (the Office of the Solicitor), so the only remaining question is whether or not they fall within either of the two privileges from discovery cited in the Department's Response. This Statement of Reasons will address each claimed privilege in turn, demonstrating that the Department of Interior may not withhold the Withheld Memoranda under either of these privileges.

A.    Deliberative Process Privilege

2

**Declaration of
Darrell Strayhorn
Exhibit 3   Page 4 of 12**

Deliberative process privilege protects from discovery documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which government decisions and policies are formulated. *Dept. of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8 (2001). A document may be withheld pursuant to deliberative process privilege if it is an inter-agency or intra-agency document that is: (1) pre-decisional, meaning prepared in order to assist an agency decision-maker prior to arriving at his decision, (2) deliberative, meaning actually related to the process by which policies are formulated, and (3) its contents are not otherwise public. *Nat'l Council of La Raza v. Dept. of Justice*, 411 F.3d 350, 356 (2nd Cir. 2005); *Tigue v. United States Dept. of Justice*, 312 F.3d 70, 77 (2nd Cir. 2002). The deliberative process privilege does not apply to the Withheld Memoranda for the reasons set forth below.

     1.    The Department provides no explanation of why the Withheld Memoranda fall under the deliberative process privilege.

The Department's Response makes no attempt to explain any basis for its conclusory declaration that the Withheld Memoranda are pre-decisional and deliberative and therefore protected by deliberative process privilege. Neither of the Withheld Memoranda is dated; consequently, it is impossible for the Department to show that they were created prior to the date of the Krulitz Denial Letter, which the Department apparently asserts to be the final decision to which they relate for FOIA purposes. The Department suggests no other factor to show that either of the Withheld Memoranda is pre-decisional (such as decision-making authority of the author, office hierarchy, subject matter or style of the memoranda). Therefore, its stated reasons for refusing to disclose the Withheld Memoranda do not satisfy the requirement that the agency explain the underlying reasons for the decision to deny disclosure. *See* 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.21(d).

The Department's Response also does not address any of the three factors listed in the Department of the Interior's Freedom of Information Act Handbook to be used in determining whether a document is pre-decisional and deliberative and therefore privileged (the "Handbook"). *See Department of the Interior Freedom of Information Act Handbook*, Section 5.7 (B)(1)(b), available at http://www.doi.gov/foia/handbook_2004.pdf. The three factors which the Handbook states should be considered are (a) the document's language and its place in the decision-making process, (b) the decision-making authority of the person issuing the document, and (c) the direction in which the document flows in the decision-making chain. *Id.* The failure of the Department's Response to address any of these factors, in and of itself, completely undermines any assertion that the deliberative process privilege properly applies to the Withheld Memoranda.

     2.    The Withheld Memoranda lost any deliberative process privilege protection when their contents were disclosed to outside parties as the final opinion of the agency.

3

Final decisions are not protected from disclosure under FOIA but rather must be available for public inspection. *See* 5 U.S.C. § 552(a)(2)(A); *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1972). The public has an interest in knowing the basis of final decisions and in keeping agencies from operating secretly. *Tax Analysts v. IRS*, 117 F.3d 607, 617 (D.C.Cir. 1997); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 867 (D.D.C. 1980). Even if a document is pre-decisional when it is prepared, it loses that status if it is used by the agency in its dealings with the public. *National Council of La Raza v. Department of Justice*, 411 F.3d 350, 356-7 (2nd Cir. 2005) (establishing that the Department's view that it may adopt a legal position while shielding from public view the analysis that yielded that position is offensive to the FOIA); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.D.C. 1980).

If the Withheld Memoranda were recommendations to a supervising decision-maker on the matter of the Shinnecock Indian Nation's request for litigation assistance (an assertion not proved), they became final decisions when presented to outside parties as the agency's final decision. A letter of October 12, 1979, from the Native American Rights Fund to Solicitor Krulitz suggests that officials in the Department of the Interior issued press releases, spoke to the media, and communicated directly to attorneys for the Native American Rights Fund regarding the Department's final decision on the Shinnecock Nation's request for litigation assistance, the merits of the land claim at issue and the existence of the Shinnecock Indian Nation as an Indian tribe in significantly greater detail than was conveyed in the Krulitz Denial Letter, including communication of the fact that Solicitor Krulitz's decision was contrary to the recommendation of his staff. *See Exhibit F, compare Exhibit A*, pp. 6-7. A news article at the time of the Krulitz Denial Letter indicates that Solicitor Krulitz told a <u>Newsday</u> reporter that "the federal government does not recognize the Shinnecocks as a tribe because of significant intermarriage during the last century between the Shinnecocks and white and blacks." *Exhibit G.* This reasoning is not reflected in the Krulitz Denial Letter. *See Exhibit A*, pp. 6-7. Additionally Tim Vollman, an Interior Department lawyer, is reported in the same news article to have said that the Shinnecock the land claim is questionable because the land claim is based on a 1,000-year lease. *Exhibit G.* Again this reasoning is not reflected in the Krulitz Denial Letter. *See Exhibit A*, pp. 6-7. These legal and policy opinions not contained in the Krulitz Denial Letter were provided to the media in the context of explaining and defending the Department's decision not to recommend federal litigation assistance to the Shinnecock Indian Nation on its land claim. *See Exhibit G.*

Because of the dearth of information provided in the Department's Response about the Withheld Memoranda, it is impossible to tell whether or not they contain that staff decision. However, in circumstances where the evidence suggests that the contents of a staff memorandum were presented to the public as the Department's policy position, or to justify its policy position, the memorandum cannot be shielded from public view. *National Council of La Raza v. Department of Justice*, 411 F.3d 350, 356-7 (2nd Cir. 2005); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.D.C. 1980).

4

**Declaration of Darrell Strayhorn Exhibit 3 Page 6 of 12**

3.    The Department has waived any deliberative process privilege for the Withheld Memoranda.

As noted above, *Exhibits F* and *G* strongly suggest that the contents of the Withheld Memoranda, or of other pre-decisional documents created by the Department, were shared with the Press and with Native American Rights Fund attorneys. *See Exhibits F, G.* If indeed the Withheld Memoranda were the source of these disclosures (or contain them), any arguable Exemption 5 privileges were waived. Where the government has disclosed information, it may no longer rely on Exemption 5 privileges, because selective disclosure is offensive to the underlying purposes of FOIA. *Nissen Foods (USA) Co. v. N.L.R.B.*, 540 F.Supp. 584, 587 (E.D.Pa. 1982) (*citing North Dakota ex rel. Olson v. Andrus*, 581 F.2d 177, 182 (8th Cir. 1978)). While the Native American Rights Fund attorneys involved at the time are now no longer with the firm and are unable to recall details of conversations and other communications from approximately thirty years ago, *Exhibits F* and *G themselves* demonstrate that in 1979 the Department of the Interior was releasing information, not contained in any public document, to the public media and to the Shinnecock Nation's attorneys to attempt to bolster its refusal, contained in the Krulitz Denial Letter, to support the Shinnecock Nation's request for assistance with litigating its land claim. *Exhibits F, G.* In these circumstances, and because the Department bears the burden of establishing that the deliberative process privilege (and any other claimed privilege) applies to the Withheld Memoranda and was not waived, a burden it cannot meet, that privilege may not be claimed as a basis to withhold the Withheld Memoranda. *See Hanson v. USAID*, 372 F.3d. 286, 290 (4th Cir. 2004); *EnviroTech Intern., Inc. v. EPA*, 371 F.3d 370, 374 (7th Cir. 2004).

4.    Assertion of privilege no longer comports with purposes of FOIA due to passage of decades and changes in law and the Department's reasoning.

The general purpose of the deliberative process privilege is to encourage the frank discussion of legal or policy matters so as to result in better policies and decisions. *S.Rep.* No. 813, p. 9; *E.P.A. v. Mink*, 410 U.S. 73, 87 (1973). The privilege first "protects creative debate and candid consideration of alternatives within an agency, and, thereby, improves the quality of agency policy decisions. Second, it protects the public from the confusion that would result from premature exposure to discussions occurring before the policies affecting it had actually been settled upon. And third, it protects the integrity of the decision-making process itself by confirming that officials would be judged by what they decided not for matters they considered before making up their minds." *Jordan v. Department of Justice*, 591 F.2d 753, 772-73 (D.C.Cir. 1978)(en banc).

With the passage of time, all three of these purposes, as they may relate to the Withheld Memoranda, have evaporated, and thus any applicability of the alleged deliberative process privilege has evaporated as well. *First*, candid debate is not burdened by the knowledge that its content might be made public several decades later, when the officials involved likely will have left the Department and many circumstances and policies will have changed. *Second*, as noted above, the public already has been confused by the selective release by the Department of information not contained in the

Declaration of
Darrell Strayhorn
Exhibit  3   Page 7 of  12

Krulitz Denial Letter. Release of the entirety of the Withheld Memoranda will only serve to clarify the Department's decision. *Third*, the integrity of the decision-making process is, in this case at least, preserved by full release of information previously presented as a final opinion. With the purposes of deliberative process privilege having evaporated, FOIA's strong policy in favor of disclosure prevails. *See EPA v. Mink*, 410 U.S. 73, 87 (1973).

Additionally, the development of case law regarding recognition and trust duties to Indian tribes has mooted the legal reasoning presented by the Krulitz Denial Letter (even assuming, as it is impossible to know, that its reasoning was drawn from something in the Withheld Memoranda). Thus, the Department denied a more recent request for litigation assistance on the same matter by citing completely different reasons than those cited in 1979 in the Krulitz Denial Letter. *See Exhibit H*. The alleged deliberative process privilege should not be used to protect reasoning that is no longer relevant. Such circumstances are surely appropriate for discretionary disclosure by the Department. "Congress did not design the FOIA exemptions to be mandatory bars to disclosure." *Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979). Rather, "Congress did not limit an agency's discretion to disclose information." *Id.* at 294. In this case, the reasoning behind purpose of the alleged privilege has evaporated through the passage of time making discretionary disclosure a reasonable and fair course of action.

5.     The Department must provide any segregable factual information from the Withheld Memoranda.

Deliberative process privilege does not protect documents that are purely factual, or severable portions of documents that are purely factual. *See* 5 U.S.C. § 552(b); *E.P.A. v. Mink*, 410 U.S. 73, 87-88 (1973). The Shinnecock Indian Nation is pursuing acknowledgement of its status as an Indian tribe by the Department. It evidently would benefit from historical information known to the Department regarding the Nation. Even if some portions of the Withheld Memoranda are privileged (which we do not concede), the Department is required to redact the privileged material so that any severable, purely factual material, especially regarding its tribal existence, is disclosed to the Shinnecock Indian Nation.

Furthermore, the Department has not provided the slightest explanation for why it could not provide any reasonably segregated, purely factual portions of the Withheld Memoranda, as it is required to do. *See Mokhiber v. U.S. Dept. of the Treasury*, 335 F.Supp.2d 65, 69 (D.D.C. 2004). Considering that if the Withheld Memoranda are indeed drafts or the final version of the March 1979 Report referred to in the Krulitz Denial Letter, they presumably contain the factual fruits of "many months of research and scrutiny" to which he refers in that letter. This factual material may not be shielded from disclosure under FOIA. *See Exhibit A*, p. 6. Thus, even accepting for the sake or argument the unstated premise that the Withheld Memoranda in fact are pre-decisional and are drafts or the final form of the March 1979 report referred to in the Krulitz Denial Letter (neither of which premises the Department has established or can establish to be true), the Shinnecock Indian Nation in any event is entitled to disclosure of those portions

6

**Declaration of
Darrell Strayhorn
Exhibit   3    Page 8 of 12**

of the Withheld Memoranda that consist of factual material rather than recommendations or opinions.

### B.   Attorney Work-Product Immunity

Attorney work product immunity protects the mental processes of the attorney from disclosure in discovery. *Dept. of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8 (2001) (*citing United States v. Nobles*, 422 U.S. 225, 238 (1975)). Work product privilege is governed by federal law under FRCP 26(b)(3) and a line of cases starting with *Hickman v. Taylor*, 329 U.S. 495 (1947). It is a qualified immunity that can be overcome and is designed to balance the needs of the adversary system. *United States v. Nobles*, 422 U.S. 225, 237-8 (1975); *In re Sealed Case*, 856 F.2d 268, 273 (D.C.Cir. 1988). While work product materials are exempt from mandatory disclosure under Exemption 5, the immunity can be waived. *FTC v. Grolier, Inc.*, 462 U.S. 19, 28 (1983). In addition, the immunity generally does not apply to keep information from trust beneficiaries. *Osage Nation v. United States*, 66 Fed. Cl. 244 (2005).

### 1.   The Department waived work product immunity by disclosure.

The Department waived its qualified work product immunity in this case by disclosing reasoning for its decision that was not contained in the Krulitz Denial Letter. First, disclosure to an adversary waives the work product protection as to the item disclosed. *In re Chrysler Motors*, 860 F.2d 844, 846 (8th Cir. 1988); *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g. Corp.*, 125 F.R.D. 578, 590 (N.D.N.Y. 1989); *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 90 (E.D.N.Y. 1981). Second, the work-product qualified immunity is waived by disclosure to a third party if the disclosure substantially increases the opportunity for potential adversaries to obtain the information. *Resolution Trust Corp. v. Massachusetts Mutual Life Co.*, 200 F.R.D. 183, 188-89 (W.D.N.Y. 2001). A court is not bound by the prohibitions of the Federal Rules of Evidence in making a determination about the existence and waiver of the work-product privilege. *Id.* at 195. In this case, disclosure to Native American Rights Fund attorneys through informal discussions, and to the media by press release and interview, of reasons and facts not contained in the Krulitz Denial Letter increases the opportunity for potential adversaries to obtain the additional information related to the Department of the Interior's opinion regarding the existence of the Shinnecock Indian Nation and the merits of its land claim. *See Exhibits F, G.* If these opinions are reflected in the Withheld Memoranda, the Department has waived its privileges through public disclosure.

### 2.   The Department's fiduciary duty requires limited disclosure to beneficiary tribe.

The Department is barred from withholding the Withheld Memoranda from the Shinnecock Indian Nation because of its fiduciary relationship with the tribe. Courts have for decades recognized a "fiduciary exception" to both attorney-client and work product discovery privileges. *See Osage Nation v. United States*, 66 Fed.Cl. 244 (2005);

7.

*Cobell v. Norton*, 213 F.R.D. 69 (D.D.C. 2003) (*Cobell II*); *Cobell v. Norton*, 212 F.R.D.
24 (D.D.C. 2002)(*Cobell I*); *United States v. Mett*, 178 F.3d 1058, 1062-66 (9th Cir.
1999); *Riggs Nat'l Bank v. Zimmer*, 355 A.2d 709 (Del.Ch. 1976).

The fiduciary exception is rooted in two rationales. *Mett* at 1063. First, the
exception derives from a trustee's duty to disclose to beneficiaries, complete and accurate
information regarding the trust administration. *See Mett* at 1063. Specifically,
beneficiaries are entitled to know what the trustees did, that is, what legal opinion was
sought on their behalf and what was done in light of that opinion on their behalf. *Riggs* at
716. Second, the beneficiary, not the trustee, is the real client of the attorney and thus the
attorney never enjoyed the privilege. *Mett* at 1063. The result of the fiduciary exception
is that the government may invoke the work product doctrine only upon a showing that
the materials at issue were developed for purposes other than the benefit of the trust
beneficiaries, usually to defend the trustee personally or the government from civil or
criminal liability against the beneficiaries after a suit has been filed. *See Osage Nation v.
United States*, 66 Fed.Cl. 244, 252 (2005); *Cobell v. Norton*, 213 F.R.D. 69, 77 (D.D.C.
2003). Where the fiduciary exception is at issue, the proponent of the privilege has the
burden to demonstrate the applicability of the privilege. *Osage Nation* at 253, *Cobell I* at
27.

The facts of *Osage Nation* are strikingly similar to this FOIA appeal. In *Osage
Nation*, the tribe, a beneficiary of the Department of Interior in its role as trustee sought
disclosure of a memorandum written by an attorney advising the Department whether it
should prosecute a property claim lawsuit on behalf of the beneficiary tribe. *Id.* at 253.
The Court was at a loss to discern how such a memorandum could be considered a
document that does not involve trust administration produced for the benefit of the tribe.
*Id.* at 252. Both attorney-client privilege and work product privilege were held
inapplicable to the memorandum in *Osage Nation* due to the fiduciary exception. *Osage
Nation*, 66 Fed.Cl. 244 (2005).

Admittedly, discovery privileges are simplified to their routine or normal results
in their application under FOIA to create predictable workable rules. *See FTC v. Grolier,
Inc.*, 462 U.S. 19, 26 (1983); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148-49
(1975). However, case law indicates when a fiduciary relationship is involved, including
tribal trust relationships, the "normal" and very workable rule appears to be that work
product privilege is inapplicable to legal memoranda concerning administration of the
trust under the fiduciary exception unless certain very limited exceptions are met. *See
Osage Nation* at 252. While courts have yet to address the application of the fiduciary
exception in the FOIA context, the Supreme Court has rejected the Department of the
Interior's contention that it can withhold documents from disclosure under FOIA based
on its fiduciary relationship, emphasizing FOIA's mandate of broad disclosure.
*Department of the Interior v. Klamath Water Users Protective Association*, 532 U.S. 1,
15-16 (2001). Disclosure to a tribe based on the fiduciary exception fits more closely
with FOIA's mandate of broad disclosure as well as fiduciary principles and requires
disclosure of the entirety of the Withheld Memoranda here.

8

**Declaration of
Darrell Strayhorn
Exhibit  3   Page 10 of 12**

A clear trust relationship was created by Congress through enactment of the Indian Nonintercourse Act, 25 U.S.C. § 177. *Joint Council of the Passamaquoddy Tribe v. Morton*, 528 F.2d 370, 377-79 (1st Cir. 1975). The Act imposes on the federal government a fiduciary's role with respect to protection of the lands of a tribe covered by the Act, even prior to formal recognition as an Indian tribe. *Id. Passamaquoddy* makes clear that this trust relationship applies to each of the Indian tribes in the United States, so long as Congress has not plainly and unambiguously withdrawn federal protection over the tribe. *Id.* at 375-80. The memoranda withheld by Interior appear to directly relate to the administration of that fiduciary duty to protect lands of tribal beneficiaries. The memoranda discuss proposed litigation on behalf of a beneficiary tribe and must be released to the Shinnecock Indian Nation by the Department of Interior in fulfilling its fiduciary responsibilities.

## CONCLUSION

For all the foregoing reasons, the Department of the Interior should reverse its decision and disclose the Withheld Memoranda. The claimed privileges are either not sufficiently explained, have been waived, or are inapplicable because of the Department's publication of the staff memoranda as final decisions, or made meaningless by the passage of time. Furthermore, the memoranda must be released to the Shinnecock Indian Nation as the beneficiary of the trust decisions within the memoranda. In any event, the Department must provide a redacted copy of the Withheld Memoranda that contains factual information and conclusions.

Respectfully Submitted,

Dawn Sturdevant Baum
Staff Attorney

Mark Tilden
Senior Staff Attorney

Native American Rights Fund
1506 Broadway
Boulder, CO 80302
(303) 447-8760
Fax (303) 443-7776

9

Declaration of
Darrell Strayhorn
Exhibit 3   Page 11 of 12

<u>List of Exhibits</u>

| <u>Exhibit Number</u> | <u>Brief Description</u> |
|---|---|
| Exhibit A | Shinnecock Indian Nation's July 20, 2007 FOIA Request with Attachments |
| Exhibit B | Bureau of Indian Affairs and Assistant Secretary—Indian Affairs letter dated July 26, 2007 concerning FOIA request |
| Exhibit C | Office of the Solicitor letter dated July 27, 2007 concerning FOIA request |
| Exhibit D | Office of the Secretary letter dated July 27, 2007 concerning FOIA request |
| Exhibit E | Department of Interior's FOIA Response dated August 17, 2007, with Attachments |
| Exhibit F | October 12, 1979 Letter from Larry Aschenbrenner to Solicitor Krulitz. |
| Exhibit G | Mark McIntyre, *U.S. Backs Away From Shinnecocks' Suit*, Newsday, Sept. 5, 1979, at 19. |
| Exhibit H | February 13, 2006 Letter from James Cason to Shinnecock Indian Nation Board of Trustees; Trustees King, Eleazer, Smith. |

10

**Declaration of
Darrell Strayhorn
Exhibit  3   Page  12 of  12**

# EXHIBIT 4



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE™
IN AMERICA

IN REPLY REFER TO:
FOIA Appeal No. 2007-192

Dawn S. Baum & Mark C. Tilden
Native American Rights Fund
1506 Broadway
Boulder, CO 80302

NOV 0 9 2007

Dear Ms. Baum and Mr. Tilden:

This concerns your September 28, 2007, Freedom of Information Act ("FOIA") appeal ("appeal") to the Department of the Interior ("Department"), which was received on the same date, and filed on behalf of the Shinnecock Indian Nation. The Department has assigned your appeal as **Appeal Number 2007-192**. Please cite this number in any future correspondence you send to the Department regarding this appeal. Your appeal concerns the Bureau of Indian Affairs' ("BIA") decision to withhold, pursuant to FOIA exemption (5), certain documents that are responsive to your July 20, 2007, FOIA request, which generally sought information pertaining to a March 1979 Report by the Office of the Solicitor relating to the Shinnecock Indian Nation.

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii)*. The Department has not responded to your appeal within this time limit because of an extraordinarily large number of appeals pending in the Department ahead of yours, the need to fully review the issues you presented in your appeal, and other unforeseen circumstances. Since the Department has not made a determination on your appeal within the time limits set in the FOIA, you may seek judicial review under *5 U.S.C. § 552(a)(4)(B)*. However, we hope that you will delay filing a lawsuit so that the Department can thoroughly review the issues in your appeal and make a determination. We appreciate your patience to this point and the Department will make every effort to reach a decision on your appeal as soon as possible.

If you have any questions regarding your appeal, please call Linda Troy on 202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

**Declaration of
Darrell Strayhorn
Exhibit  4**

# EXHIBIT 5



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:

MAY 14 2008

Dawn S. Baum & Mark C. Tilden
Native American Rights Fund
1506 Broadway
Boulder, CO 80302

Dear Ms. Baum and Mr. Tilden:

This responds to the September 28, 2007, Freedom of Information Act ("FOIA") appeal ("appeal") (**No. 2007-192**) that you filed with the Department of the Interior ("Department"), which you filed on behalf of the Shinnecock Indian Nation ("Nation"). Your appeal concerns the Bureau of Indian Affairs' ("BIA") decision to withhold, pursuant to the deliberative process and attorney work-product privileges of FOIA exemption (5), two draft documents concerning the Nation's land claim.  FOIA exemption (5) protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party…in litigation with the agency." *5 U.S.C. § 552(b)(5).*

After reviewing the issues you presented in the appeal, the documents withheld by the BIA, and relevant case law, the Department concludes that the BIA properly invoked the deliberative process and attorney work-product privileges of FOIA exemption (5) as bases to deny you access to the documents at issue in the appeal.  The Department fully adopts the BIA's rationale for the denial as part of this decision.  Accordingly, your appeal is denied.

Pursuant to *5 U.S.C. § 552(a)(4)(B),* you have a right to seek judicial review of this decision.

This completes the Department's response to your appeal.  If you have any questions, you may call me at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

cc: Timothy Murphy, Assistant Solicitor-GLS, SOL-DGL

**Declaration of
Darrell Strayhorn
Exhibit  5**